**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22 B 04068 |
| | ) | |
| LYNELLE COLEMAN, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s) | ) | Judge: DONALD R. CASSLING |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 25, 2024, at 9:30 a.m., I will appear before the Honorable Judge DONALD R. CASSLING, or any judge sitting in the judge's place, **either** in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL  60604 **or** electronically as described below, and present the Motion of Trustee to Modify Plan, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

> **To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

> **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

> **Meeting ID and passcode**.  The meeting ID for this hearing is 161 414 7941 and the passcode is 619.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Respectfully Submitted,

/s/ Thomas H. Hooper
THOMAS H. HOOPER
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL  60603
(312) 294-5900

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22 B 04068 |
| | ) | |
| LYNELLE COLEMAN, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s) | ) | Judge: DONALD R. CASSLING |

**TRUSTEE'S MOTION TO MODIFY PLAN**

Now comes Thomas H. Hooper, Chapter 13 Trustee, pursuant to § 1329(a) of the Bankruptcy Code moves this Honorable Court for an order modifying Debtor's confirmed plan, and in support thereof states as follows:

1. The court has jurisdiction of this proceeding pursuant to 28 USC § 1334 and this is a core proceeding pursuant to 28 USC § 157(b).

2. The Debtors filed a voluntary petition, schedules, and proposed plan under chapter 13 of the Bankruptcy Code on April 8, 2022.

3. Thomas H. Hooper is the chapter 13 trustee appointed to administer the instant case.

4. The Debtor's chapter 13 plan was confirmed on August 18, 22.

5. The Debtors' plan as confirmed (Exhibit A) provides for payment of a secured debt of Cook County Clerk (hereinafter "Clerk"), regarding delinquent taxes against debtor's residence located at 16519 Ashland Avenue.

6. The governmental claims bar deadline expired on October 5, 2022. The Clerk has not failed a proof of claim, nor has a claim been filed on its behalf under Fed. R. Bankr. P. 3004.

7. Further, the Clerk is not a creditor, nor holder of a claim against the debtor or property of the estate and is, therefore, not entitled to payments under the plan,

8. The Cook County Treasurer has, however, filed a proof of claim (Exhibit B), but that claim cannot be paid by trustee because it is contingent on a sale in error.

9. That suggests to trustee that a tax purchaser has purchased the real estate taxes at a tax sale and that unless they have applied for a sale in error the tax purchaser likely would be the proper creditor instead of the Clerk.

10. The plan, however, does not provide for payments to be made to a tax purchaser and trustee is unaware of any notice that may have been given to them.

11. Beginning in June of this year trustee has been in contact with debtor's counsel advising him of this issue, but to date no action has been taken to resolve the issue regarding trustee being able to make payments to the proper creditor.

12. The Trustee asserts that, notwithstanding past jurisdictional custom[1], a creditor must have an allowed proof of claim to receive disbursements under a confirmed chapter 13 plan. See *In re Pajian*, 785 F. 3d 1161 (7th Cir. 2015) (stating that "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions.").

13. This mandate is buttressed by a reading of Fed. R. Bankr. P. 3002(a), which requires that, subject to certain exceptions not applicable to the case at bar, "[a] secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed…"

---

[1] Upon information and belief, past practice in this jurisdiction has been for all secured creditors addressed in the confirmed plan to receive disbursements, regardless of whether an allowed claim had been filed. It is unclear whether that practice has been reevaluated in the wake of *Pajian* in 2015 or following amendments to Fed. R. Bankr. P. 3002 in 2017.

14. Fed. R. Bankr. P. 3021 instructs the Trustee to make post-confirmation disbursements to those creditors "whose claims have been allowed."

15. Requiring a proof of claim to be filed as a condition precedent to a creditor receiving distributions under a confirmed chapter 13 plan has practical administrative considerations. Specifically, a creditor is required to attach documentation in support of its claim, including the writing on which it is based and evidence of perfected security interest. Fed. R. Bankr. P. 3001(c)(1) and (d). Such documentation is required to properly evaluate the classification and validity of the purported claim.

16. Because the Clerk does not have an allowed claim in the case *sub judice*, the Trustee asserts that it may not share in distributions under the confirmed plan.

17. Accordingly, the Trustee prays for an order denying distribution to the Clerk under the confirmed plan and authorizing funds earmarked for the Clerk to be disbursed to holders of other allowed claims.

WHEREFORE, the Trustee requests that this Court enter an Order modifying the chapter 13 plan to deny distribution to the Clerk of Cook County under the confirmed plan, authorizing funds earmarked for the Clerk of Cook County to be disbursed to holders of other allowed claims, and for any other relief deemed just and proper under the circumstances.

DATED: December 21, 2023

Respectfully Submitted
/s/Thomas H. Hooper
THOMAS H. HOOPER
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified by first class mail on December 21, 2023.

| | |
|---|---|
| Lynelle Coleman<br>16519 Ashland Ave<br>Markham, IL 60428 | **Via First Class US Mail** |
| Andrew B Carroll<br>The Semrad Law Firm<br>1101 S. Western Ave<br>Chicago, IL 60643 | **Via ECF** |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604 | **Via ECF** |
| Clerk of Cook County<br>118 N. Clark St., # 434<br>Chicago, IL 60602 | **Via First Class US Mail** |
| Cook County Treasurer<br>118 N. Clark St., Room 112<br>Chicago, IL 60602<br>Attention: Maurice Torrance | **Via First Class US Mail** |
| Cook County Treasurer<br>118 N. Clark St., Room 112<br>Chicago, IL 60602<br>Attention: Adriana Rahana | **Via First Class US Mail** |
| Kelly M Karvelis, Chief Legal Counsel<br>Cook County Treasurer's Office<br>118 N. Clark St<br>Chicago, IL 60602 | **Via First Class US Mail** |

Alexander Preber  **Via First Class US Mail**
Cook County State's Attorney's Office
50 W. Washington St., Ste 500
Chicago, IL  60602

/s/Thomas H. Hooper
THOMAS H. HOOPER
Chapter 13 Trustee
55 E. Monroe St., Suite 3850
Chicago, IL 60603
(312) 294-5900
/s/ Thomas H. Hooper